## KENNISTON *vs.* THE MER. COUNTY MUTUAL INS. CO'Y.

Damage caused purely by lightning is not covered by an insurance of the property damaged against losses "by fire," or "by reason or by means of fire."

ASSUMPSIT, on a policy of insurance duly executed. The act creating the defendant corporation, (approved July 1, 1825) sect. 1, constitutes certain persons a body politic," for the purpose of insuring their respective dwelling-houses, with their contents, against loss or damage by fire, whether the same shall happen by accident, lightning, or by any other means," excepting in case of design, invasion or insurrection.

The terms of the policy sued on were to pay, "within three months next after the said property shall be burnt, destroyed or demolished by or by reason or by means of fire ;" and farther, if any part rebuilt, repaired, &c., to the amount of the policy, "shall happen to be injured by means of fire, such damages shall be made good, according to the estimate thereof, or repaired and put in as good condition as the same was before the said fire happened."

The plaintiff claims an indemnity as for a partial loss on his dwelling-house and its contents.

To sustain his claim the plaintiff offered evidence tending to show that on a certain day his house was struck by lightning, and different parts of it materially injured, and also articles of crockery, glass and tin ware broken or destroyed. His witnesses also testified that the boards and timber near one of the windows where the lightning struck, exhibited marks or traces of fire, being discolored and rendered of a dark brown color, as if affected by a blaze of fire. One witness testified that he saw on these boards and timbers where fire burned, and he had no doubt that the house would have been burned had not the water been admitted through the window which was broken out by the lightning.

The only question made by the defendant was, whether the loss was covered by the policy or act of incorporation; and the court being of the opinion that it was, a verdict was ordered to be taken for the plaintiff, subject to be affirmed or set aside and a verdict entered for the defendant, as the opinion of this court might be on the case stated.

Parker, C. J. There must be a new trial. On the facts stated, the court cannot determine whether the loss is, or is not, within the risks of the policy.

If the damage was from lightning without any combustion, it is clearly not within the terms of the contract of insurance. The policy does not provide against *every* damage which may arise from the action of the electric fluid.

The charter of the insurance company indeed refers to lightning, but it is only to authorize the defendant to insure against losses by *fire*, which "shall happen by lightning." This is a very different thing from direct losses by lightning, both as regards their origin, nature, predisposing causes, development and effects, and in reference to the possible application of means to prevent and to limit the damage.

The terms of the policy, too, were to pay within a certain time after the destruction " by reason or by means of *fire*." Fire is *the one loss* insured against ; and lightning, though not excepted from the sources of fire, is no where, either in the charter or policy itself, directly provided against.

It is true, that there was evidence tending to show that the building, insured in the policy now in question, was set on fire by the lightning ; and if such was the fact, this action is well brought. But this fact is not made certain by the evidence, and the question must be submitted to a jury.

*New trial ordered.*